UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No:

UNITED STATES OF AMERICA

        Plaintiff

vs.

GUY M. ARILLO

        Defendant
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

**Claim I**

3. The defendant is indebted to the plaintiff in the principal amount of $4249.37, plus interest on this principal amount computed at the rate of 8.8 percent per annum in the amount of $2305.38, plus interest thereafter on this principal from January 4, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

**Claim II**

4. The defendant is indebted to the plaintiff in the principal amount of $1395.75, plus interest on this principal amount computed at the rate of 10.00 percent per annum in the amount



of $512.44, plus interest thereafter on this principal from January 4, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $6.71. See Exhibit B attached hereto and incorporated herein.

5. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $8469.65, plus interest at 8.8 percent per annum on the principal amount of $4249.37, and interest at 10.00 percent per annum on the principal amount of $1395.75 from January 4, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this _14_ day of _January_ ,2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Guy M. Arillo
5371 NW 33rd Ave Ste 205
Ft Lauderdale, FL 33309
SSN: 157662310

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below, plus additional interest from 9/1/98.

On or about 1/20/89, the borrower executed promissory note(s) to secure the loan(s) of $4000.00 from Citibank NYS, St Paul, MN at 8.80 percent interest per annum. This loan obligation was guaranteed by the Illinois Student Assistance Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 6/1/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4249.37 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/5/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of those payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4249.37 |
| Interest: | $1803.96 |
| Administrative Costs: | $0.00 |
| Late fees: | $0.00 |
| Total debt as of 9/1/98: | $6053.33 |

Interest accrues on the principal shown here at the rate of $1.02 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/4/98
Date

Name: [signature]
Loan Analyst, Litigation Branch


GOVERNMENT EXHIBIT A

# SUPPLEMENTAL LOAN FOR STUDENTS (SLS) APPLICATION / PROMISSORY NOTE

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

Date: 10-6-93

## SECTION A – TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

1. **NAME (NO NICKNAMES):** LAST: Arillo  FIRST: Guy  MI: M
2. **SOCIAL SECURITY NUMBER:** 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
3. **WHEN WERE YOU BORN?** MO: 8  DAY: 12
4. **PERMANENT ADDRESS:** 2299 N.W. 73rd Ave
   CITY: Sunrise  STATE: Fl  ZIP: 33313
5. **PERMANENT HOME PHONE:** (305) 749-66__
6. **U.S. CITIZENSHIP STATUS:** ☒ U.S. CITIZEN OR NATIONAL
7. **PERMANENT RESIDENT OF WHICH STATE:** Fl
8a. **DRIVER LICENSE NUMBER:** 7004229
9a. **ADDRESS WHILE IN SCHOOL:** SAME AS ABOVE
9b. **DO YOU WISH TO DEFER REPAYMENT?** ☒ NO
10. **PHONE AT SCHOOL ADDRESS:** ( )
11. **MAJOR COURSE OF STUDY:** 15
12. **LOAN AMOUNT REQUESTED:** $4,000.00
13. **PERIOD LOAN WILL COVER:** FROM MO 01 YR 89 TO MO 07 YR 89

### PRIOR LOAN INFORMATION
14a. Any prior unpaid SLS (ALAS) or PLUS loans? ☒ NO
14b. Total unpaid principal balance: $ 0
15. Unpaid principal balance of most recent SLS (ALAS): $ 0
16. Grade level of most recent SLS (ALAS): —
17. Loan period start date of most recent SLS (ALAS): —
18a. Any prior unpaid GSL loans? ☒ NO
18b. Total unpaid principal balance: $ 0
19a. Any unpaid PLUS loans? ☒ NO
19b. Total unpaid principal balance of PLUS loans: $ 0
20. Have you ever defaulted on a GSL, SLS, PLUS, Perkins, Consolidated, or Income Contingent? ☒ NO

### REFERENCES
21a. NAME: Madelyn Bergon  STREET: 32 Linden St.  CITY/STATE/ZIP: Lakewood N.J. 08701  PHONE: (201) 370-1540
21b. NAME: Vi Strydio  STREET: 5510 S.W. 103rd Pl.  CITY/STATE/ZIP: Miami Fl. 33165  PHONE: (305) 271-6063
21c. NAME: Alfred Arillo  STREET: 9121 S.W. 54th St.  CITY/STATE/ZIP: Cooper City Fl. 3____  PHONE: (305) 434-29__

22. Defer principal payments while in school? ☒ YES
23. Accrue/Capitalize preference: ☒ ACCRUE: CAPITALIZE

24a. Borrower certification – signed.
Signature of Borrower: X /s/ Guy M. Arillo
23b. DATE BORROWER SIGNED: MO 1 DAY 20

## SECTION B – TO BE COMPLETED BY SCHOOL

25. **NAME OF SCHOOL:** Apex Technical School
26. **ADDRESS:** 3501 N.W. 9th Ave., Oakland Park, FL 33309
27. **PHONE:** 305-563-5899
28. **SCHOOL CODE:** 007518
29. **ENROLLMENT STATUS:** ☒ FULL-TIME
31. **PERIOD LOAN WILL COVER:** FROM MO 01 DAY 31 YR 89 TO MO 07 DAY 21 YR 89
32. **STUDENT'S GRADE LEVEL:** UNDERGRAD
33. **ANTICIPATED GRADUATION:** MO 07 DAY 21
34. **FULL-TIME DURING LOAN PERIOD?** ☒ YES UNTIL 07/21/89
35. **STUDENT STATUS:** ☒ INDEPENDENT
36. **COST OF ATTENDANCE FOR LOAN PERIOD:** $11,398
37. **ESTIMATED FINANCIAL AID FOR LOAN PERIOD:** $1467
38. **DIFFERENCE (ITEM 36 LESS ITEM 37) OR LEGAL MAXIMUM:** $9,981
39. **SUGGESTED DISBURSEMENT DATE:** MO 01 DAY 31 YR 89
40. **WILL THE STUDENT ATTEND A FOREIGN SCHOOL?** ☒ NO

42a. Signature of School Official: X /s/ Sandra Richards
42b. DATE SIGNED: MO 02 DAY 82 YR 89
42c. PRINT NAME AND TITLE: SANDRA RICHARDS, F.A.

## SECTION C – TO BE COMPLETED BY LENDER

43. **NAME OF LENDER:** CITIBANK (NEW YORK STATE) c/o HEAF PROCESSING CENTER
44. **ADDRESS:** P.O. BOX 64102
    CITY/STATE/ZIP: ST. PAUL, MN 55164
45. **TELEPHONE:** 1-800-828-6103
46. **LENDER CODE:** 826878

(MAILROOM stamp: FEB 13 1989)

49. **TOTAL LOAN AMOUNT APPROVED:** $4000.00
50. **DISBURSEMENT DATE:** MO 3 DAY 8
51. **NUMBER OF MONTHLY INSTALLMENTS:** 120
52. **DUE DATE OF FIRST PAYMENT:** MO 8 DAY 21 YR 89
53. **LENDER ACCOUNT NUMBER:** F039305749962
54. **LENDER USE ONLY:** 71331309
55a. Signature of Lending Official: X

## SECTION D – TO BE COMPLETED BY HEAF

56. **HEAF USE ONLY:** APP. REVIEW  FEB 8 1989

F40-61 4-87
SLS-353

PROMISSORY NOTE

## OMISE TO PAY

erest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the this application/promissory note) are:

est. For a PLUS or SLS loan made for a period of enrollment beginning prior to July , the applicable interest rate is 12% per year. For loans made for periods of enrollment ng on or after July 1, 1987, the interest will be equivalent to interest on the Loan t shown on the front of this application/promissory note, at a variable rate not to ex- 2 percent per year. The interest rate will be determined annually and will be disclosed rior to disbursement of my loan. The interest rate for any year will be the rate pub- or that year by the U.S. Department of Education for variable-rate PLUS and SLS

antee Fee.

nay charge a fee to guarantee my loan. The amount, if any, is governed by current plicable regulations and HEAF policy and Rules and Regulations. The Guarantee be deducted from my check. I understand that this charge is not subject to refund for the amount attributable to any disbursement I do not receive, which refund will, at ler's option, be applied to my loan balance or be returned to me. My loan disclosure ent will show the actual guarantee fee charged.

## SCLOSURE OF LOAN INFORMATION

stand that before I receive my loan check, my lender will send me a loan disclosure ent that identifies all the terms of my loan.

## ENERAL

rstand that the lender has applied for guarantee coverage of my loan through the Education Assistance Foundation (HEAF) and because of this loan subject to e terms of this Promissory Note will be interpreted in accordance with Title IV Higher Education Act of 1965, as amended, ("the Act"), the regulations adopted he Act, and the Rules and Regulations of HEAF. To the extent not governed by federal s Note shall be governed by the laws of the jurisdiction in which the lender is located.

## PAYMENT

derstand I can either defer principal payments while in school or begin repayment iately. These options are described below and my choice is indicated in #22 on the this application/promissory note.

d Repayment. If I answer YES to #22, I wish to defer repayment of loan principal for s explained under Deferment in the HEAF application information booklet. (By law, ayment period on this loan begins when the loan is disbursed with the first payment hin 60 days of disbursement.) However, during the period of deferment, interest shall, ender's option, and in accordance with the terms and conditions on the disclosure ent

aid by me in installments, or

ue be added to the principal amount of the loan (capitalized), no more often than rly, in accordance with laws and regulations governing the PLUS and SLS programs. ntact the lender prior to expiration of the period of deferment to negotiate the terms yment. If I neglect to do so, I authorize the lender to establish repayment terms within delines set forth in Paragraph 2 of this Section, without my further approval; however, der must inform me of the terms in writing at the latest address which I have provided late repayment. If I answer NO to #22, I agree to begin repaying loan principal and t within 60 days of disbursement

repay this loan within 10 years of the date of this Note, over a repayment period that lly lasts at least 5 years but no more than 10 years. However, the following exceptions e rules apply:

lender may require a repayment period shorter than 5 years if this is necessary to that during each year of the repayment period I — or, if both my spouse and I have PLUS or SLS program loans outstanding, we — pay toward principal and interest at 500 or the unpaid principal balance of all such loans (plus interest) whichever is less. ialify for any deferment period described under Deferment in this Note, or if the lender "forbearance", those periods will not be included in the 5- and 10-year periods men- above.

particular terms and conditions of repayment that apply to this loan will be set forth in n disclosure statement that the lender will provide to me.

bligation to repay this loan shall be cancelled if I die or become totally and perma- disabled.

## EPAYMENT

option and without penalty, I may prepay at any time all or any part of the unpaid al balance of this Note. In the event of prepayment, I will be entitled to a refund of any ed interest which I have paid. The amount of any such rebate will be computed by ne method by which interest payments were computed.

## FERMENT OF PAYMENT

in instances authorized by the Act, the payments I am required to make as described Repayment in this Note may be deferred. The instances currently authorized by the described under Deferment in the HEAF application information booklet. If I seek eferment, I agree to comply with the relevant federal regulations and the Rules and tions of HEAF, including without limitation submission of required forms to the lender. main responsible for payment of interest during any period of deferment which I may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## RBEARANCE

unable to repay this loan in accordance with the terms established under Repayment Note, I may request the lender to modify these terms. I understand that such modifi- would be at the lender's option and would have to be in compliance with the Act, regulations adopted under the Act and the Rules and Regulations of HEAF. I under- hat a modification of repayment terms under this Section is different from Deferment ribed in this Note and that during this period I will remain responsible for payment of , which the lender may (a) collect from me on a periodic basis or (b) add to the prin- lance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immedi- ately due and payable;
b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work- Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note;
e. I will also pay all charges and other costs, including attorney's fees, that are permitted by federal laws and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later time.
f. The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evi- dence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

## J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.

The lender, holder or guaranty agency must notify me at least 30 days in advance that infor- mation about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and complete- ness of information reported about me.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option under the SLS program, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize my school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or HEAF, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents (under the SLS program), or prior or subsequent lenders or holders, with respect to my loan application and related docu- ments. I also authorize the lender, subsequent holder, their agent or HEAF to release infor- mation and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I also authorize the lender, subsequent holder, their agent or HEAF to check my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at that institution for the loan period stated. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a bor- rower eligible for participation in the PLUS or SLS program and that I do not owe a refund to any Title IV aid program. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for en- rollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan pro- gram, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all appli- cable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

## U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Guy M. Arillo
5371 NW 33rd Ave Ste 205
Ft Lauderdale, FL 33309
SSN: 157662310

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below, plus additional interest from 9/1/98.

On or about 1/20/89, the borrower executed promissory note(s) to secure the loan(s) of $2625.00 from Citibank NYS, St Paul, MN at 10 percent interest per annum. This loan obligation was guaranteed by the Illinois Student Assistance Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $444.26 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 6/1/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2180.74 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/5/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of those payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1395.75 |
| Interest: | $325.51 |
| Administrative Costs: | $6.71 |
| Late fees: | $0.00 |
| Total debt as of 9/1/98: | $1727.97 |

Interest accrues on the principal shown here at the rate of $.38 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/4/98      Name: _____
             Date                  Loan Analyst, Litigation Branch



| | | |
|---|---|---|
| HIGHER EDUCATION ASSISTANCE FOUNDATION<br>P.O. BOX 64107 • ST. PAUL, MN 55164<br>10-6-93 | ◀ After lender completes application,<br>mail HEAF copy only to this address. | **LENDER COPY** | **GUARANTEED STUDENT<br>(GSL) APPLICATION<br>PROMISSORY NOTE**<br>109366 |

**SECTION A - TO BE COMPLETED BY BORROWER** (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES) LAST: Arillo  FIRST: Guy  M.I.: M
2. SOCIAL SECURITY NUMBER: 157 66 2310
3. WHEN WERE YOU BORN? MO: 8  DAY: 12
4. PERMANENT ADDRESS: 2299 N.W. 73rd Ave
5. PERMANENT HOME PHONE: (305) 749-6
   CITY: Sunrise   STATE: Fl.   ZIP: 33313
6. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: FL
8a. DRIVER LICENSE NUMBER: 7004229
9a. ADDRESS WHILE IN SCHOOL: SAME AS ABOVE
9b. DO YOU WISH TO DEFER REPAYMENT: ☒ NO
10. PHONE AT SCHOOL ADDRESS: ( )
11. MAJOR COURSE OF STUDY: 15
12. LOAN AMOUNT REQUESTED: $2,625.00
13. LOAN PERIOD FROM: 01/89  TO: 07/8

**PRIOR LOAN INFORMATION**

14. HAVE YOU EVER DEFAULTED: ☐ YES
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO
20a. PRIOR UNPAID SLS/PLUS LOANS? ☒ NO
21a. ANY UNPAID PLUS LOANS? ☒ NO

**REFERENCES**

22a. NAME: Madelyn Reagan  STREET: 32 Linden St.  CITY/STATE/ZIP: Lakewood N.J. 08701  PHONE: (201) 370-1540
22b. NAME: Vi Strydio  STREET: 5510 SW 103rd Pl.  CITY/STATE/ZIP: Miami Fl. 33165  PHONE: (305) 271-6063
22c. NAME: Alfred Arillo  STREET: 9121 S.W. 54th St.  CITY/STATE/ZIP: Cooper City Fl. 33  PHONE: (305) 434-2966

23a. [Borrower's certification text]
23b. SIGNATURE OF BORROWER: X Guy M. Arillo   DATE: 1/20

**SECTION B - TO BE COMPLETED BY SCHOOL**

24. NAME OF SCHOOL: Apex Technical School  3501 N.W. 9th Ave.
25. ADDRESS: Oakland Park, FL 33309   305-563-5899
26. PHONE: ( )
27. SCHOOL CODE: 007518
28. ENROLLMENT STATUS: ☒ FULL-TIME
30. PERIOD LOAN WILL COVER: FROM 01/31/89  TO 07/21/89
31. STUDENT'S GRADE LEVEL: 0
32. ANTICIPATED GRADUATION DATE: 07/21/89
33. STUDENT STATUS: ☒ INDEPENDENT
34. ADJUSTED GROSS INCOME: $10,058
35. COST OF ATTENDANCE: $11,398
36. ESTIMATED FINANCIAL AID: $1,467
37. EXPECTED FAMILY CONTRIBUTION: $77
38. DIFFERENCE: $9,854
39. SUGGESTED DISBURSEMENT DATES: 1ST DISB: 01/31/89
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ NO
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
43a. SIGNATURE OF SCHOOL OFFICIAL: X Sandra Richardson
43b. DATE: 02/02/89
43c. PRINT NAME AND TITLE: SANDRA RICHARDSO, F.A.O.

**SECTION C - TO BE COMPLETED BY LENDER**

44. NAME OF LENDER: CITIBANK (NEW YORK STATE) c/o HEAF PROCESSING CENTER
    TELEPHONE: 1-800-828-6103
46. LENDER CODE: 826878
45. ADDRESS: P.O. BOX 64102 MAILROOM, MN 55164
52. IS THIS AN UNSUBSIDIZED LOAN? ☐ YES ☐ NO
53. LENDER ACCOUNT NUMBER: F-FEB 9305049627 3B3309

**SECTION D - TO BE COMPLETED BY HEAF**

55a. SIGNATURE OF LENDING OFFICIAL: X
56. HEAF USE ONLY: APP. REVIEW

F40-60 4-87
GSL-304

FEB 08 1989

MISSORY NOTE

SE TO PAY

Guarantee Fee, and Origination Fee rates and terms (mentioned in the Prom-
the front of this application/promissory note) are:

the unpaid principal balance. The applicable interest rate on this loan will be
following manner: If I have an unpaid principal balance on a Guaranteed Stu-
ving an applicable interest rate of 6%, the applicable interest rate on this loan
I have an unpaid principal balance on a Guaranteed Student Loan having an
terest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the
t of my other loan(s). If I have no outstanding Guaranteed Student Loans, my
iterest rate on this loan will be 8%. I understand that if I am eligible for federal
fits, the interest will be paid by the Secretary of Education (Secretary) (a) during
am in school on at least a half-time basis, (b) during the grace period described
yment in this Note, and (c) during the time my loan payments are deferred as
nd described under Deferment in this Note. If I am a "new borrower" (as defined
a period of enrollment beginning on or after July 1, 1988, my applicable interest
loan will be 8% through the fourth year of repayment. Beginning on the first day
ear of repayment, my applicable interest rate on the loan will be 10%. A "new
one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consoli-
on the date he or she signs the promissory note for a loan to cover a period of
eginning on or after July 1, 1988.

antee Fee

charge a fee to guarantee my loan. The amount, if any, is governed by current
ble regulations and HEAF policy and Rules and Regulations. The Guarantee
leducted proportionately from each disbursement for applications signed on or
1987. I understand that this charge is not subject to refund except for the amount
to any disbursement I do not receive, which refund will, at the lender's option, be
y loan balance or be returned to me. My loan disclosure statement will show the
antee fee charged.

ination Fee will be deducted from the proceeds of the loan. The fee is determin
aw and will be reflected on my disclosure statement. Origination fees may
ro rata, on undisbursed amounts, if the loan is repaid in full within 120 day
ant, if the loan check is not cashed within 120 days of disbursement, or if the
urned to the lender uncashed.

LOSURE OF LOAN INFORMATION

d that before I receive my first loan check, my lender will send
nent that identifies all the terms of my loan.

ERAL

d that the lender has applied for guarantee coverage
cation Assistance Foundation (HEAF) and because
ms of this Promissory Note will be interpreted in accordan
er Education Act of 1965, as amended, ("the Act"), fed
Act, and the Rules and Regulations of HEAF To the exte
ote shall be governed by the laws of the jurisdiction in w

YMENT

this loan in periodic installments during a repayment period that will b
nd of my grace period.

during the grace period I may request that the repayment period begin earlier. The
iod begins when I cease to carry at least one-half the normal academic workload
ol that is participating in the Guaranteed Student Loan Program (GSLP).
cretary will pay the interest that accrues on this loan prior to the repayment period
g any deferment period, if it is determined that I qualify to have such payments
my behalf under the regulations governing the GSLP. In the event the interest on
s payable by the Secretary, the lender may not attempt to collect this interest from
, however, choose to pay this interest myself.
he repayment period begins I will be responsible for payment of all the interest that
on this loan, except that if the interest accruing on this loan prior to the repayment
is payable by the Secretary, the Secretary will pay the interest that accrues during
d described under Deferment in this Note.
nder may add any interest to the unpaid principal balance of this loan that is not
n it is due; in accordance with the Rules and Regulations of HEAF governing the

epay this loan over a repayment period that generally lasts at least 5 years but no
in 10 years. However, the following exceptions to these rules apply:
ng the grace period, I request a shorter repayment period, the lender may grant me
period.
ender may require a repayment period shorter than 5 years if this is necessary to
hat during each year of the repayment period I—or, if both my spouse and I have
US or SLS program loans outstanding, we—pay toward principal and interest at
00 of the unpaid principal of all such loans (plus interest), whichever is less.
alify for postponement of my payments during any period described under Defer-
this Note, or if the lender grants "forbearance", as allowed by the Act, those periods
be included in the 5- and 10-year periods mentioned above.
ring the grace period, I request a shorter repayment period, the lender may grant me
d shorter than 5 years. In that event, I may later choose to have the repayment period
d to 5 years.
st contact the lender prior to expiration of my grace period to negotiate the terms of
ent. If I neglect to do so, I hereby authorize the lender to establish repayment terms
he guidelines set forth in Paragraph 4 of this Section, without my further approval;
r, the lender must inform me of these terms in writing at the latest address that I have
d to the lender.
particular terms and conditions of repayment that apply to this loan will be set forth
arate document that the lender will provide to me before the repayment period begins.
bligation to repay this loan shall be cancelled if I become totally and permanently
d or die.

EPAYMENT

ption and without penalty, I may prepay at any time all or any part of the unpaid
balance of this Note. In the event of prepayment, I will be entitled to a refund of any
d interest that I have paid. The amount of any such rebate will be computed by the
ethod by which interest payments were computed.

ERMENT

tand that in certain instances authorized by the Act the payments I am required to
described under Repayment in this Note, may be deferred. The instances currently
ed by described under Deferment in the HEAF application information
To obtain such deferment, I agree to comply with the relevant federal regulations
Rules and Regulations of the HEAF, including, without limitation, submission of re-

G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modifi-
cation would be at the lender's option and would have to be in compliance with the Act,
federal regulations adopted under the Act and the Rules and Regulations of HEAF. I under-
stand that a modification of repayment terms under this Section is different from Deferment
(as described in this Note) and that during this period I will remain responsible for payment
of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the
principal balance of this loan.

H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the
following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for
180 days for a loan repayable in monthly installments or 240 days for a loan repayable in
less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my
loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change
my graduation date, (c) change my name, or (d) change my permanent address.
2. Consequences of default—If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immedi-
ately due and payable;
b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am
currently attending) information about the default;
c. I will be ineligible to receive assistance from any of the following federal programs: Pell
Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student
Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed
Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation
Loans;
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note;
e. I will also pay all charges and other costs, including attorney's fees, that are permitted by
federal law and regulations for the collection of these amounts. If this loan is referred for
collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay
collection costs not to exceed 25 percent of the unpaid principal and accrued interest. De-
claring these amounts immediately due and payable is at the option of the lender, which it
may do only after complying with applicable notice and other requirements of law. Failure to
exercise this option does not constitute a waiver of the lender's right to exercise the option
at a later date;
f. The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts
owed.

I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a
required installment payment within 10 days after it is due or if I fail to provide written evi-
dence that verifies my eligibility to have the payment deferred as described under Deferment
in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or
more credit bureau organizations. If I default on this loan, the lender, holder or guaranty
agency will also report the default to credit bureau organizations. This may significantly and
adversely affect my ability to obtain other credit. The lender, holder or guaranty agency
must notify me at least 30 days in advance that information about the default will be dis-
closed to credit bureau organizations unless I enter into repayment on the loan within the 30
days. The lender must provide a timely response to a request from any credit bureau orga-
nization regarding objections I might raise with that organization about the accuracy and
completeness of information reported about me.

BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the
following is true and correct. I, the borrower, certify that the information contained in my
application for this loan is true, complete and correct to the best of my knowledge and belief
and is made in good faith. At my lender's option, I authorize the lender to make my loan
check(s) jointly payable to me and my school. I hereby authorize the school to pay to the
lender any refund which may be due me up to the amount of this loan. I further authorize
any educational institution that I may attend or HEAF to release to the lending institution,
subsequent holder, or their agents, any requested information pertinent to this loan (e.g.,
employment, enrollment status, prior loan history, current address). I also authorize the lender,
subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or
respond to inquiries from my parents, or prior or subsequent lenders or holders, with respect
to my loan application and related documents. I also authorize the lender, subsequent holder,
their agent or HEAF to release information and make inquiries to the persons I have listed in
my loan application as references, for the purpose of learning my current address and tele-
phone number. I certify that the proceeds of this loan will be used for educational purposes
for the academic program stated on my loan application at the educational institution named
on the application. I understand I am responsible for repaying any funds I receive that cannot
reasonably be attributed to meeting my educational expenses related to attendance at that
institution for the loan period stated. I certify that I am a borrower eligible for participation in
the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I
am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution
to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining
the federal guaranteed student loan program which have been provided to me and that I
understand my responsibilities and my rights under that program.

SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for en-
rollment or is enrolled as at least a half-time student, and is making satisfactory progress in
a program determined to be eligible for this loan program. I further certify that the student
has been determined by this institution, under the regulations applicable to this loan pro-
gram, to be eligible for the loan applied for. I further certify that based upon records available
at this institution and due inquiry to the student, the student has satisfied the requirements
under the Selective Service Act necessary to receive financial aid, is not in default on any
loan made under any Title IV student assistance program identified in 34 CFR Part 668, and
is not liable for any refund of any grant made under any student assistance program identi-
fied in 34 CFR Part 668. I further certify that this institution will comply with all applicable
provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the
administration of this loan. The information provided in Sections A and B and this School

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

GUY M. ARILLO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Broward 00-CV-06075 WPD/Johnson

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | |
| | | B☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4)(d)

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 8,469.65
+ interest & costs

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES  [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  1/14/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____